**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

JONATHAN MAYO,

      Petitioner,

v.                                      Civil Action No. 3:20cv891

CHRIS WALZ,

      Respondent.

## <u>MEMORANDUM OPINION</u>

Petitioner, a Virginia detainee proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1). Petitioner has not been convicted or sentenced. (*Id.*)

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' . . . courts 'require[] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). "Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Younger v. Harris*, 401 U.S. 37, 49 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)); *see also Brazell v. Boyd*, No. 92-7029, 1993 WL 98778, at *1 (4th Cir. Apr. 5, 1993) (concluding that "pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review" (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987))). Conversely, "federal courts

should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

Petitioner's submissions fail to indicate that the claims he presented could not be resolved either by (1) a trial on the merits in the Newport News Circuit Court, where his cases are pending; or, (2) subsequent direct appeal or collateral review. *See Gould v. Newport News*, No. 2:08cv465, 2008 WL 7182638, at *5 (E.D. Va. Nov. 5, 2008) (summarily dismissing habeas petition because the petitioner's grounds for habeas relief "could be defenses in his upcoming criminal prosecution"); *cf. Williams v. Simmons*, No. 3:10cv709, 2011 WL 2493752, at *1–2 (E.D. Va. June 22, 2011) (dismissing similar habeas petition by pretrial detainee without prejudice). Accordingly, by Memorandum Order entered on March 31, 2021, the Court directed Petitioner to show cause, within eleven (11) days of date of entry thereof, as to why his § 2241 Petition should not be dismissed for lack of exhaustion.

Petitioner filed a Response to the Court's Order to Show Cause. (ECF No. 9.) However, Petitioner's response fails to demonstrate that he has properly exhausted his state remedies. Petitioner appears to claim that he has exhausted his state remedies because the Circuit Court does not have jurisdiction over his case. (*Id.* 1.) That is not correct. A state court does indeed possess jurisdiction over criminal defendants charged under that state's criminal statutes. Moreover, Petitioner fails to demonstrate that his claims could not be resolved either by a trial in the Circuit Court, or through the subsequent direct appeal or collateral review process in state

2

court. Finally, Petitioner fails to demonstrate any exceptional circumstances warranting the consideration of his habeas petition at this time.

Accordingly, Petitioner's § 2241 Petition and the action will be DISMISSED WITHOUT PREJUDICE. A certificate of appealability will be DENIED.[1]  An appropriate Order will accompany this Memorandum Opinion.

Date:  11-19-21
Richmond, Virginia

M. Hannah Lauck
United States District Judge

---

[1] 28 U.S.C. § 2253 provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). "When [a] district court denies relief on procedural grounds, [to warrant a certificate of appealability,] the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right." *Williams v. South Carolina*, 464 F. App'x 116, 116 (4th Cir. 2012) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mayo is currently detained pursuant to an action in the Newport News Circuit Court. (§ 2241 Pet. 1.)  Therefore, he requires a certificate of appealability to appeal this Court's denial of his § 2241 Petition. 28 U.S.C. § 2253(c)(1)(A).  However, as explained above, the primary procedural deficiency with Mayo's Motion, whether Mayo exhausted his state remedies, is not debatable.

3